Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
Nathaniel L. Dilger (Bar No. 196203)
ndilger@onellp.com
Kainoa Asuega (Bar No. 279463)
kasuega@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:    (949) 258-5081

Attorneys for Plaintiff,
Targus Group International, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| TARGUS GROUP INTERNATIONAL, INC.,  a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>LIFEWORKS TECHNOLOGY GROUP, LLC, a New York limited liability company,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, PERMANENT INJUNCTION AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

1

**COMPLAINT**

Plaintiff Targus Group International, Inc. ("Targus") hereby complains and alleges against Defendant Lifeworks Technology Group, LLC ("Lifeworks") as follows:

## PARTIES

1.      Plaintiff Targus is a Delaware corporation with its principal offices located at 1211 N. Miller Street, Anaheim, California 92806.

2.      On information and belief, Defendant Lifeworks is a limited liability company with a principal place of business at 1412 Broadway, 7th Floor, New York , NY 10018.

## NATURE OF THE ACTION

3.      This is an action for patent infringement arising under the Patent Laws of the United States 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

4.      On information and belief, Defendant has infringed and continues to infringe, contribute to the infringement of, and/or actively induce others to infringe Plaintiff's U.S. Patent Nos. 8,746,449 (the "'449 patent") and 8,783,458 (the "'458 patent").

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6.      This Court has personal jurisdiction over Defendant because, on information and belief, Defendant does and has done substantial business in this judicial District, including: (i) committing acts of patent infringement and/or contributing to or inducing acts of patent infringement by others in this judicial District and elsewhere in this State; (ii) regularly conducting business in this State and judicial District; (iii) directing advertising to or soliciting business from persons residing in this State and judicial District; and (iv) engaging in other persistent courses of conduct, and/or deriving substantial revenue from products and/or services provided to persons in this District and State.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

8.      For more than two decades, the Targus group of companies has been recognized worldwide as an innovative creator and distributor of quality mobile computing

**COMPLAINT**

bags, cases, and accessories.  Targus has developed and introduced a highly successful line of cases and accessories for use with the popular mobile computing devices offered by Apple, Inc. under the iPad® brand, and other mobile computing devices offered by other major suppliers such as Samsung and Amazon.

9.     Targus has sought protection for its technological innovations, which has resulted in the issuance of the asserted '449 and '458 patents.

10.     The '449 Patent issued on June 10, 2014, and is titled "Portable Electronic Device Case Accessories and Related Systems and Methods."  Targus is the owner by assignment of the '449 Patent.  A true and correct copy of the '449 Patent is attached hereto as Exhibit A.

11.     The '458 Patent issued on July 22, 2014, and is titled "Portable Electronic Device Case Accessories and Related Systems and Methods."  Targus is the owner by assignment of the '458 Patent.  A true and correct copy of the '458 Patent is attached hereto as Exhibit B.

12.     According to Defendant's website, Defendant designs "tablet cases, e-reader cases, smartphone cases, and accessories that fit your lifestyle."

13.     One of Defendant's products is described and marketed as the "Magbook 360°."  Defendant offers the Magbook 360° in two universal models for 7-8" and 9-10" tablets.  The Magbook 360° is an exemplary product that infringes on both the '449 and '458 Patents.

14.     Another one of Defendant's products is described and marketed as the "Turn Coat."  Defendant offers the Turn Coat in two universal models for 7-8" and 9-10" tablets. The Turn Coat is another exemplary product that infringes on both the '449 and '458 Patents.

15.     Another one of Defendant's products is described and marketed as the "Swivel."  The Swivel is available in models for various sized tablets, specifically, iPad, iPad mini and iPad Air.  The Swivel is another exemplary product that infringes on both the '449 and '458 Patents.

16.    Another one of Defendant's products is described and marketed as the "Spin." The Spin is available in models for various sized tablets, specifically, iPad and iPad mini. The Swivel is another exemplary product that infringes on both the '449 and '458 Patents.

17.    On information and belief, Defendant acquired several of Targus's products for the express purpose of designing its own copycat products.

## COUNT ONE

**(Infringement of the '449 Patent against All Defendants – 35 U.S.C. §§ 271 *et seq.*)**

18.    Plaintiff realleges and incorporates by reference paragraphs 1-20, as though fully set forth herein.

19.    On information and belief, Defendant has had actual knowledge of the '449 Patent, which although recently issued is on information and belief known to have been both pending and issued by Defendant, a company that itself is according to its website purportedly seeking patents in the exact space as Targus.

20.    On information and belief, Defendant's Magbook 360° infringes the '449 Patent.

21.    On information and belief, Defendant's Turn Coat infringes the '449 Patent.

22.    On information and belief, Defendant's Swivel infringes the '449 Patent.

23.    On information and belief, Defendant's Spin infringes the '449 Patent.

24.    Defendant has directly infringed and continue to directly infringe one or more claims of the '449 Patent, by developing, making, using, offering to sell, selling and/or importing, in this District, elsewhere in the United States, and internationally, at least the Magbook 360°, Turn Coat, Swivel, Spin, and other similar products that infringe the '449 patent.

25.    Defendant has contributed to the infringement of and continue to contributorily infringe one or more claims of the '449 Patent, by developing, making, using, offering to sell, selling and/or importing, in this District, elsewhere in the United States, and internationally the Magbook 360°, Turn Coat, Swivel, Spin, and other similar products that infringe the '449 patent.  In particular, since this patent has issued, Defendant

4

**COMPLAINT**

has developed, made, used, offered to sell, sold and/or imported the above-referenced products with knowledge of the '449 patent and its applicability to the products.  In addition, the above-referenced products have no substantial use other than to be used by Defendant's customers in a manner that infringes the '449 patent.

26.     On information and belief, Defendant has induced infringement of <u>and</u> continues to induce infringement one or more claims of the '449 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Magbook 360°, Turn Coat, Swivel, Spin, and other similar products that infringe the '449 patent.  Among other things, Defendant has – with full knowledge of the '449 patent and its applicability to its products – instructed their customers to use the product in a manner that infringes the '449 patent.

27.     Defendant's actions constitute direct infringement, contributory infringement, and/or active inducement of infringement of one or more claims of the '449 Patent in violation of 35 U.S.C. § 271.

28.     Plaintiff has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

29.     Plaintiff is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

30.     Defendant's infringement of Targus's rights under the '449 Patent will continue to damage Plaintiff's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

31.     In addition, Defendant has infringed the '449 patent – directly, contributorily, and by inducement – with full knowledge of the '449 patent's issuance and despite having full knowledge that its actions constituted infringement of that patent.  For at least this reason, Defendant has willfully infringed the '449 Patent, entitling Plaintiff to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

32.   Given the breadth of the infringement across multiple product embodiments for different sized tablets for different brand products (i.e., Amazon and Apple), discovery may yield additional infringing products, which will be identified in discovery and are expressly not excluded here.

## COUNT TWO

**(Infringement of the '458 Patent against All Defendants – 35 U.S.C. §§ 271 *et seq*.)**

33.   Plaintiff realleges and incorporates by reference paragraphs 1-20, as though fully set forth herein.

34.   On information and belief, Defendant has had actual knowledge of the '458 Patent, which although recently issued is on information and belief known to have been both pending and issued by Defendant, a company that itself is according to its website purportedly seeking patents in the exact space as Targus

35.   On information and belief, Defendant's Magbook 360° infringes the '458 Patent.

36.   On information and belief, Defendant's Turn Coat infringes the '458 Patent.

37.   On information and belief, Defendant's Swivel infringes the '458 Patent.

38.   On information and belief, Defendant's Spin infringes the '458 Patent.

39.   Defendant has directly infringed and continue to directly infringe one or more claims of the '458 Patent, including at least Claim 12 of that patent, by developing, making, using, offering to sell, selling and/or importing, in this District, elsewhere in the United States, and internationally, at least the Magbook 360°, Turn Coat, Swivel, Spin, and other similar products that infringe the '458 patent.

40.   Defendant has contributed to the infringement of and continue to contributorily infringe one or more claims of the '458 Patent, including at least Claim 12, by developing, making, using, offering to sell, selling and/or importing, in this District, elsewhere in the United States, and internationally the Magbook 360°, Turn Coat, Swivel, Spin, and other similar products that infringe the '458 patent.  In particular, since this patent has issued, Defendant has developed, made, used, offered to sell, sold and/or

imported the above-referenced products with knowledge of the '458 patent and its applicability to the products.  In addition, the above-referenced products have no substantial use other than to be used by Defendant's customers in a manner that infringes the '458 patent.

41.    On information and belief, Defendant has induced infringement of <u>and</u> continues to induce infringement one or more claims of the '458 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Magbook 360°, Turn Coat, Swivel, Spin, and other similar products that infringe the '458 patent.  Among other things, Defendant has – with full knowledge of the '458 patent and its applicability to its products – instructed their customers to use the product in a manner that infringes the '458 patent.

42.    Defendant's actions constitute direct infringement, contributory infringement, and/or active inducement of infringement of one or more claims of the '458 Patent in violation of 35 U.S.C. § 271.

43.    Plaintiff has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

44.    Plaintiff is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

45.    Defendant's infringement of Targus's rights under the '458 Patent will continue to damage Plaintiff's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

46.    In addition, Defendant has infringed the '458 patent – directly, contributorily, and by inducement – with full knowledge of the '458 patent's issuance and despite having full knowledge that its actions constituted infringement of that patent.  For at least this reason, Defendant has willfully infringed the '458 Patent, entitling Plaintiff to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COMPLAINT**

47.     Given the breadth of the infringement across multiple product embodiments for different sized tablets for different brand products (i.e., Amazon and Apple), discovery may yield additional infringing products, which will be identified in discovery and are expressly not excluded here.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to enter judgment in its favor and against Defendant Lifeworks Technology Group, LLC and grant the following relief:

A.     An adjudication that Defendant has infringed the '449 and '458 patents.

B.     Orders of this Court temporarily, preliminarily, and permanently enjoining Defendant, its agents, servants, and any and all parties acting either in concert or in any business relationship with Defendant, from directly or indirectly infringing in any manner any of the claims of the '449 and '458 patents pursuant to at least 35 U.S.C. § 283, including specifically an order enjoining the sale, offering for sale, manufacture, or importation of any infringing products;

C.     An award of damages adequate to compensate Plaintiff for Defendant's infringement of the '449 and '458 patents in an amount to be proven at trial;

D.     A finding of willfulness and that this is an exceptional case and an award of Plaintiff's costs and attorney fees;

E.     A trebling of the damage award to Plaintiff;

/ / /
/ / /
/ / /
/ / /

**COMPLAINT**

F.      An assessment and award of pre- and post-judgment interest on all damages awarded; and

G.      Any further relief that this Court deems just and proper.

Dated: September 19, 2014          **ONE LLP**


By:  /s/ Peter R. Afrasiabi
      Peter R. Afrasiabi
      Nathaniel L. Dilger
      Kainoa Asuega
      Attorneys for Plaintiff,
      Targus Group International, Inc.

**COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: September 19, 2014                     **ONE LLP**

                                       By:  /s/ Peter R. Afrasiabi
                                            Peter R. Afrasiabi
                                            Nathaniel L. Dilger
                                            Kainoa Asuega
                                            Attorneys for Plaintiff,
                                            Targus Group International, Inc.

**COMPLAINT**